# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| David Houle and Becky Houle, et. al., ) | |
| ) | **ORDER FOR FINAL PRETRIAL** |
| Plaintiff, ) | **CONFERENCE** |
| ) | |
| vs. ) | |
| ) | |
| Central Power Electric Coopoerative, Inc., ) | |
| (CPEC), et. al., ) | |
| ) | Case No. 4:09-cr-021 |
| Defendants. ) | |

**IT IS ORDERED:**

A final pretrial conference will be held before the magistrate judge on May 21, 2013, at 1:30 p.m. The conference will be conducted via telephone conference call to be initiated by the court.

## PRIOR TO PRETRIAL CONFERENCE

Prior to the date of the final pretrial conference, counsel shall confer in person or by telephone for the purpose of examining and marking exhibits as detailed below. Within two (2) days of the Final Pretrial Conference, counsel shall e-mail the following documents to ndd_J-Miller@ndd.uscourts.gov in "Wordperfect" or "Word" format:

(1) An exhibit list for each party;

(2) A witness list for each party; and

(3) Expert Reports.

**Exhibits**: Counsel are directed to complete the physical marking and numbering of all papers and objects that are expected to be introduced as exhibits. The exhibits are to be marked with an exhibit sticker. The parties must number the exhibits consecutively, with each party using

1

separate numbers with sufficient gaps for unanticipated or rebuttal exhibits (e.g., the plaintiff using numbers P1-P20 and the defendant using numbers D50-D70).  The exhibits shall be listed in the form of the Exhibit List posted on the court's website (http://www.ndd.uscourts.gov/forms.html).  Counsel will retain the exhibits in their possession but shall submit the list with the Final Pretrial Statement as a separate document.  Counsel must disclose and list all exhibits relating to an issue on which their client has the burden of proof or the burden of going forward with the evidence.  Each listed exhibit shall be designated as "will offer" or "may offer."  Documents to be used solely for rebuttal purposes need not be numbered or listed until identified at trial.

Failure to list an exhibit required by this order to be listed or to disclose such exhibit to adverse counsel will result, except upon a showing of good cause, in the nonadmissibility of the exhibit into evidence at the trial.  Each party shall make its exhibits available for inspection by other parties prior to the pretrial conference.

For each listed exhibit, counsel shall determine whether they will stipulate to admissibility for all purposes or at least waive foundation for the opposing party's exhibits.  The court strongly encourages such agreement and expects counsel to waive foundation unless there is a strong, specific objection to a particular exhibit.  Any stipulation to admissibility or waiver of foundation shall be indicated in the appropriate column on the exhibit list.

**Witness Lists**:  Each party shall prepare a witness list, which shall include the following information:  (1) the name of the witness; (2) whether the witness "will be called" or "may be called;" (3) whether the testimony will be by written deposition, video deposition, or video conference if the witness will not be appearing in person; and (4)  whether or not the witness is an expert.

**Expert Reports**:  Copies of expert reports prepared in accordance with Rule 26(a)(2)(B) by those experts the parties anticipate calling as witnesses shall be e-mailed to ndd_J-Miller@ndd.uscourts.gov as a separate document.

## PRIOR TO TRIAL

**Trial Memorandum**:  Counsel for the respective parties shall file a trial memorandum with proof of service upon opposing counsel with the clerk, for presentment to the court, at least seven working days before the commencement of trial.  The trial memorandum shall contain:  A general statement of the case, citation of the authority upon which the party relies on unresolved legal issues, a general statement of the evidence to be offered, and a statement of any evidentiary or procedural problem expected to arise, with citations of authority.

**Depositions**:  At least fourteen (14) days before trial the offering party shall file and serve a designation of those portions of any depositions which <u>will</u> be presented at trial, and the manner in which each of those depositions was recorded.  A transcript of the pertinent portions of any deposition not stenographically recorded shall accompany the designation.  The other parties shall have until seven (7) days before trial to designate additional portions of any deposition appearing on the offering party's list.

Any party who objects to admissibility of deposition testimony to be offered shall have until four (4) days prior to trial to file a list of objections it intends to preserve.  All other objections will be deemed waived.  Counsel shall then confer prior to commencement of the trial to edit the depositions.

As to any deposition which <u>may</u> be used only if the need arises (other than solely for impeachment purposes), the offering party shall notify the court and other parties at least forty-eight

(48) hours in advance that it <u>will</u> be offering the deposition at trial, and identify the portions to be offered. The other parties shall then have twenty-four (24) hours to identify additional portions and to preserve any objections to admissibility of the deposition testimony. Objections not specifically preserved will be deemed waived. Counsel shall then confer prior to the offering of the deposition to edit the testimony.

**Jury Instructions**: In jury cases, each party must serve and file requested jury instructions and a proposed verdict form at least seven (7) days prior to the commencement of trial. Each party must also submit the instructions to chambers via e-mail to ndd_J-Hovland@ndd.uscourts.gov or provide chambers with copy of the proposed instructions on CD. A party may present additional requests for instructions relating to issues arising during the trial at any time prior to argument.

All requests for instructions must be plainly marked with the number of the case and must designate the party submitting the request. Each requested instruction must be numbered and written on a separate page, together with a citation of authorities supporting the proposition of law stated in the instruction. A party requesting an Eighth Circuit or North Dakota pattern instruction need only designate the pattern jury instruction number and name, unless the pattern instruction is modified. If the pattern instruction is modified, the entire instruction must be submitted and must be clearly identified as modified.

**Motions in Limine**: Motions in limine shall be filed at least thirty (30) days prior to trial unless otherwise instructed by the court.

**Failure to Appear/Comply**: Failure of counsel to appear at any scheduled final pretrial conference, or otherwise to comply with the provisions of this order, may result in dismissal or default, as may be appropriate.

Dated this 7th day of November, 2012.

                                             */s/ Charles S. Miller, Jr.*
                                             Charles S. Miller, Jr.
                                             United States Magistrate Judge